1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9  Andrew Arden; Michael Doyle; Colt )   CIV 14-2290-PHX-MHB
   Hodges; Remington Hodges; Eric Horrell;)
10 Daniel Rowan; and Eric Snyder,       )   **ORDER**
                                        )
11              Plaintiffs,             )
                                        )
12 vs.                                  )
                                        )
13 East Coast Assemblers, Inc., a New Jersey)
   Corporation d/b/a National Assemblers,)
14 Inc.; Glenn Schneider; Jenny Schneider;)
   and Joseph Schneider,                )
15                                      )
                Defendants.             )
16 _____)
   East Coast Assemblers, Inc., a New Jersey)
17 Corporation d/b/a National Assemblers,)
   Inc.,                                )
18                                      )
                Counterplaintiff,       )
19                                      )
   vs.                                  )
20                                      )
   Andrew Arden; Michael Doyle; Colt )
21 Hodges; Remington Hodges; Eric Horrell;)
   Daniel Rowan; and Eric Snyder,       )
22                                      )
                Counterdefendants.      )
23 _____)

24         Pending before the Court is Defendants' Glenn Schneider, Jenny Schneider, and Joseph

25 Schneider's (referred to herein as the "Individual Defendants") Motion to Dismiss for lack of

26 personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2) (Doc. 23). Also pending before the Court

27 is Plaintiffs/Counterdefendants' Andrew Arden, Michael Doyle, Colt Hodges, Remington

28 Hodges, Eric Horrell, Daniel Rowan, and Eric Snyder's Motion to Dismiss Counterclaims (Doc.

27). After considering the arguments raised by the parties in their briefing, the Court now issues the following ruling.

**BACKGROUND**

Plaintiffs initially brought an action against Defendant East Coast Assemblers, Inc., a New Jersey Corporation d/b/a National Assemblers, Inc., ("East Coast Assemblers") and the Individual Defendants (collectively "Defendants") for "unlawful failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., (hereinafter "FLSA") and specifically the overtime provision of the FLSA found at §207(a)." Plaintiffs allege that for "at least three years prior to the filing of this action, Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week, i.e. Defendants' failure to pay overtime premiums to its piece-rate compensated Assemblers when they worked in excess of forty (40) hours in a workweek."

East Coast Assemblers subsequently filed an "Answer and Counterclaim" against Plaintiffs alleging various claims arising out of their employment contracts. On that same date, the Individual Defendants filed their Motion to Dismiss for lack of personal jurisdiction. Several weeks later, Counterdefendants filed their Motion to Dismiss the counterclaims filed by Counterplaintiff East Coast Assemblers.

**DISCUSSION**

**A.    Individual Defendants Motion to Dismiss for lack of personal jurisdiction**

To establish personal jurisdiction, the plaintiff must show that: (1) the forum state's long arm statute confers jurisdiction over the non-resident defendant and (2) the exercise of jurisdiction comports with the principles of due process. See Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 269 (9th Cir. 1995). Arizona's long arm statute confers jurisdiction to the maximum extent allowed by the Due Process Clause of the United States Constitution. See Ariz.R.Civ.P. 4.2(a); Doe v. Am. Nat'l Red Cross, 112 F.3d 1048, 1050 (9th Cir. 1997). Therefore, the issue before the Court is whether the exercise of jurisdiction over the Individual Defendants accords with due process. See Omeluk, 52 F.3d at 269.

The Due Process Clause requires that a nonresident defendant have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citations omitted). There are two types of personal jurisdiction: general and specific. See Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 445 (1952). General jurisdiction exists where a non-resident defendant engages in substantial, continuous or systematic activities within the forum. See id. When a court has general jurisdiction over a defendant, the defendant may be hailed into that court for any claim, even one that does not arise from the defendant's contacts with that jurisdiction. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984). However, when a defendant's contact with the forum does not rise to the level required for general jurisdiction, a court may have specific jurisdiction over a claim when the claim arises from the defendant's activities within that forum. See Shute v. Carnival Cruise Lines, 897 F.2d 377, 381 (9th Cir. 1990), rev'd on other grounds, 499 U.S. 585 (1991).

Where an evidentiary hearing is not held, dismissal for lack of personal jurisdiction is appropriate only if the plaintiff has not made a *prima facie* showing of personal jurisdiction. See Fields v. Sedgwick Associated Risks, Ltd., 796 F.2d 299, 300 (9th Cir. 1986). "[U]ncontroverted allegations in [the plaintiff's] complaint must be taken as true, and 'conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists.'" Am. Telephone & Telegraph Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996) (quoting WNS, Inc. v. Farrow, 884 F.2d 200, 203 (5th Cir. 1989)). However, a court may not assume the truth of allegations in a pleading that are contradicted by affidavit. See Data Disc, Inc. v. Systems Tech. Assoc., 557 F.2d 1280, 1284 (9th Cir. 1977). If the plaintiff is able to meet its *prima facie* burden, the movant can nevertheless continue to challenge personal jurisdiction either at a pretrial evidentiary hearing or at trial itself. See Metropolitan Life Ins. Co. v. Neaves, 912 F.2d 1062, 1064 n.1 (9th Cir. 1990).

According to the pleadings, East Coast Assemblers is incorporated in the state of New Jersey. The Individual Defendants are all residents of Florida. Pursuant to the Florida

Department of State-Division of Corporations, Defendant Glenn Schneider ("Glenn Schneider") is an officer and director of East Coast Assemblers. Neither Defendant Joseph Schneider ("Joseph Schneider") nor Defendant Jenny Schneider ("Jenny Schneider") are listed as officers or directors of East Coast Assemblers by the Florida Department of State-Division of Corporations. Information available from the Florida Department of State-Division of Corporations also indicates that East Coast Assemblers' principal place of business is in Florida.

The Individual Defendants argue that since Plaintiffs allege that the Individual Defendants are residents of Florida and make no allegations that they were ever physically present in Arizona, the Court lacks general jurisdiction over them. Further, the Individual Defendants contend that since – (1) they have not had sufficient contacts with Arizona in their individual capacities, (2) Plaintiffs cannot establish that their claims would not have arisen but for the Individual Defendants' alleged forum-related contacts, and (3) the Court's exercise over the Individual Defendants would be unreasonable – the Court also lacks specific jurisdiction over them.

In their Response, Plaintiffs fail to respond to this argument and appear to concede that the Court lacks specific jurisdiction over the Individual Defendants, but instead argue that the Court has general jurisdiction. Specifically, Plaintiffs allege that because Glenn Schneider and Joseph Schneider have been physically present in the state of Arizona on one occasion on behalf of East Coast Assemblers, and because Jenny Schneider was responsible for scheduling and payroll for East Coast Assemblers, such contacts with Arizona can be seen as so substantial, or continuous and systematic that general jurisdiction exists. Additionally, Plaintiffs assert that as employers under the FLSA, the Individual Defendants have made sufficient contacts with the state of Arizona.

Arizona's long-arm statute may, consistent with constitutional due process, allow assertion of personal jurisdiction over an officer or employee of a corporation only if the court finds that the officer or employee had sufficient minimum contacts with Arizona. See Davis v. Metro Productions, Inc., 885 F.2d 515, 522 (9th Cir. 1989); Cummings v. W. Trial Lawyers Ass'n, 133 F. Supp. 2d 1144, 1156 (D. Ariz. 2001). However, "an officer's or employee's mere

association with a corporation is an insufficient basis for the Court to assert jurisdiction over them, even though the Court can assert jurisdiction over the corporation." <u>Cummings</u>, 133 F. Supp. 2d at 1155-56; <u>see</u> <u>Forsythe v. Overmyer</u>, 576 F.2d 779, 783-84 (9th Cir. 1978) ("[A] corporate officer who has contact with a forum only with regard to the performance of his official duties is not subject to personal jurisdiction in that forum.").

As indicated previously, the defendants' contacts with the forum state must be such that maintenance of the suit "does not offend traditional notions of fair play and substantial justice" and the relationship between the forum and the defendant is such that it would be reasonable to require the defendant to defend a particular suit which is brought there. <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 292 (1980); <u>Int'l Shoe Co.</u>, 326 U.S. at 316-17. Each defendant's contact with a forum state must be assessed individually. <u>See</u> <u>Calder v. Jones</u>, 465 U.S. 783, 790 (1984).

In the present case, the Court finds that Jenny Schneider responsibilities with payroll and scheduling, and Glenn Schneider's and Joseph Schneider's one visit to Arizona are insufficient to constitute substantial, or continuous and systematic contacts with Arizona to subject the Individual Defendants to this Court's general jurisdiction. <u>See, e.g.</u>, <u>Gates Learjet Corp. v. Jensen</u>, 743 F.2d 1325, 1329 (9th Cir. 1984) (Finding that defendants' activities in Arizona including solicitation of the distributorship agreement; visiting Tucson a number of times; and sending many letters and telexes and making numerous telephone calls to Tucson were more occasional than continuous, and more infrequent than systematic, and fail to demonstrate sufficient activity in Arizona to support general jurisdiction.)  And, moreover, the Individual Defendants' mere association with East Coast Assemblers is an insufficient basis for the Court to assert jurisdiction because said individuals must have sufficient minimum contacts with Arizona on their own. <u>See</u> <u>Cummings</u>, 133 F. Supp. 2d at 1155-56. It is insufficient for Plaintiffs to rely on East Coast Assemblers' contacts with Arizona to meet their burden of proving this Court has jurisdiction over the Individual Defendants. <u>See</u> <u>Calder</u>, 465 U.S. at 790.

1    Accordingly, the Court lacks both general and specific jurisdiction over the Individual

2    Defendants. The Court will grant the Individual Defendants Motion to Dismiss for lack of

3    personal jurisdiction and dismiss them from the present action.

4    **B.      Counterdefendants' Motion to Dismiss counterclaims**

5    In their Motion, Counterdefendants argue that: (1) the counterclaims are improper in

6    FLSA cases; (2) the counterclaims are permissive and cannot be asserted in this case; and (3)

7    the Court is without jurisdiction to hear the counterclaims.

8    In response, Counterplaintiff East Coast Assemblers contends that the Ninth Circuit

9    allows employer counterclaims in FLSA cases. East Coast Assemblers concedes that its

10   counterclaims are permissive, but argues that it has sufficiently alleged diversity jurisdiction.

11   "[F]ederal courts have supplemental jurisdiction over compulsory counterclaims, but

12   permissive counterclaims require their own jurisdictional basis." See Hart v. Clayton-Parker and

13   Associates, Inc., 869 F.Supp. 774, 776 (D. Ariz. 1994) (citing 6 Charles Alan Wright, Arthur

14   R. Miller and Mary Kay Kane, Federal Practice and Procedure, § 1422 (1989)). Because it is

15   undisputed that East Coast Assemblers' counterclaims are permissive, the issue before the Court

16   is whether it has sufficiently alleged an independent basis for federal jurisdiction.

17   "[D]istrict courts shall have original jurisdiction of all civil actions where the matter in

18   controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is

19   between ... citizens of different States[.]" 28 U.S.C. § 1332(a)(1). See Caterpillar Inc. v. Lewis,

20   519 U.S. 61, 68 (1996) (holding that original jurisdiction exists in cases of complete diversity,

21   where each of the plaintiffs is a citizen of a different state than each of the defendants, and the

22   amount in controversy exceeds $75,000). The inquiry into the amount in controversy is not

23   confined to the face of the complaint. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th

24   Cir. 2004). However, a court "cannot base [its] jurisdiction on a [d]efendant's speculation and

25   conjecture." Lowdermilk v. United States Bank Nat'l Assoc., 479 F.3d 994, 1002 (9th Cir.

26   2007). Accordingly, the defendant must set forth facts supporting the assertion that the amount

27   in controversy exceeds the statutory minimum.

28

The Court's review of East Coast Assemblers' Answer and Counterclaim reveals that it has failed to allege an independent basis for federal jurisdiction. Although the existence of diversity of citizenship is undisputed, the Court finds that the amount in controversy is simply not evident from the face of the Answer and Counterclaim, and East Coast Assemblers has not presented any facts in their pleadings relevant to the amount in controversy other than conclusory allegations. As such, the Court will grant Counterdefendants' Motion to Dismiss and dismiss the counterclaims without prejudice and with leave to amend.

## CONCLUSION

**IT IS ORDERED** that the Individual Defendants' Motion to Dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2) (Doc. 23) is **GRANTED**; the Individual Defendants are dismissed from this matter;

**IT IS FURTHER ORDERED** that Counterdefendants' Motion to Dismiss Counterclaims (Doc. 27) is **GRANTED**; East Coast Assemblers' counterclaims are dismissed without prejudice and with leave to amend.

DATED this 4th day of February, 2016.

Michelle H. Burns
United States Magistrate Judge